**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| HUDSON INS. CO., <br><br> Plaintiff, <br> v. <br><br> GREENWICH INS. COM., et al., <br><br> Defendants. | Civil Action No. <br><br> 2:14-cv-7326-SDW-SCM <br><br> **ON DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION [D.E. 13, 15]** |

<u>**REPORT AND RECOMMENDATION**</u>

STEVEN C. MANNION, United States Magistrate Judge.

I.   **INTRODUCTION**

This matter comes before the Court upon defendants Greenwich Insurance Company, Indian Harbor Insurance Company, and New York University's motions to dismiss for lack of jurisdiction. (ECF Docket Entry Nos. ("D.E.s") 13, 15). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred this motion to the undersigned for a report and recommendation. (D.E. 21). There was no oral argument. Upon consideration of the parties' submissions and for the reasons stated below, it is respectfully recommended that Defendants' motions to dismiss be **GRANTED.**

1

II.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brought this action seeking, *inter alia*, a judicial declaration of its rights and responsibilities regarding several insurance policies addressing claims arising from the post September 11, 2001 cleanup of New York University properties damaged during the terror attack. (D.E. 1, Compl. at 2). The claims are brought pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq*. (Id.).

The alleged facts are as follows. New York University suffered damage to several of its properties as a result of the events of September 11, 2001. (D.E. 1 at 4). In response, New York University contracted with several experts, including defendant Consulting & Testing Services to monitor, inspect and record the clean-up of asbestos-containing material at various University sites. (D.E. 1 at 4). New York University's contract with defendant Consulting & Testing Services required that the University be named as an additional insured under Consulting & Testing Services' insurance policies. (Id.). Plaintiff Hudson Insurance Company and Defendants Greenwich Insurance Company and Indian Harbor Insurance Company where all named insurers indemnifying New York University against claims related to the clean-up by Consulting & Testing Services. (Id.).

2

Soon thereafter, a number of personal injury claims allegedly related to the clean-up work were filed naming New York University as a defendant. (Id. at 5).

On February 10, 2012, Plaintiff sent a letter to New York University notifying the University of its intention to limit its exposure to the personal injury claims by reiterating the scope of indemnification as interpreted under its insurance contract. (D.E. 1 at 5). The instant complaint seeks a declaration of the rights and responsibilities set forth in Plaintiff's contractual relationship with the insured and the other insurance companies. (Id. at 2).

In its complaint, Plaintiff Hudson Insurance Company invokes subject matter jurisdiction based on diversity. (*Id.*). Plaintiff asserts that the following a) It is a Delaware corporation with a principle place of business in New York, (*id.* at 1); b)  defendant Greenwich Insurance Company is also a Delaware corporation but with a principle place of business in Connecticut, (*id.* at 4); c) defendant New York University is a citizen of New York.  (*Id.* at 2,4).

On February 11, 2015 Defendants Greenwich Insurance Company and Indian Harbor Insurance Company moved to dismiss the Complaint. (D.E. 13).  Defendant New York University followed two days later with its own motion to dismiss. (D.E. 15).

3

Defendant Consulting & Testing Services, Inc. filed a brief in support of dismissal. (D.E. 22). Both motions argue that this Court lacks diversity jurisdiction. Plaintiff opposed each motion and filed Cross-Motions for Leave to File an Amended Complaint. (D.E. 23, 24).

Plaintiff's cross-motions state that because the Complaint was brought pursuant to the Federal Declaratory Judgement Act, this confers federal question jurisdiction on this Court. (D.E. 24-2 at 6,9). Defendants' briefs argue that the Federal Declaratory Judgement Act alone does not confer federal question jurisdiction. (D.E. 26 at 5; D.E. 27 at 4).

## II. **DISCUSSION**

### A. **Diversity Jurisdiction**

This case was filed on the basis of diversity jurisdiction. (D.E. 1 at 2). This Court has an independent and continuing obligation to assess its jurisdiction over the cases before it. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010). For diversity jurisdiction to exist, all plaintiffs must be citizens of a different state or states from all defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

A corporation's citizenship, for purposes of diversity, has long been determined to include both the state of its

4

incorporation and the state of its principal place of business. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419. If those locations differ by state, a corporation has dual citizenship.

Here, the Complaint alleges that Plaintiff has dual citizenship in Delaware and New York. It further alleges that defendant Greenwich Insurance Company is a citizen of Delaware and defendant New York University is a citizen of New York.

On its face, the Complaint fails to comply with the complete diversity requirement. Both Plaintiff and Defendant Greenwich Insurance Company are citizens of Delaware and both Plaintiff and defendant New York University are citizens of New York. Thus, this Court lacks diversity jurisdiction.

Having concluded that subject matter jurisdiction does not exist under § 1332, we now turn to § 1331 and analyze whether Plaintiff's Complaint provides federal question jurisdiction.

### B. Federal Question Jurisdiction

Where there is no diversity of citizenship between the parties, as in this case, the propriety of subject matter jurisdiction turns on whether the case falls within the original "federal question" jurisdiction of United States district courts under 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, a plaintiff's complaint must establish that the case "arises under" federal law within the meaning of § 1331. *See Railway*

5

*Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 942 (3d Cir.1988).

Plaintiff's original pleading asserts claims for relief under the Declaratory Judgement Act, 28 U.S.C. § 2201. Additionally, Plaintiff seeks leave to expressly rely on the Declaratory Judgment Act as the basis for subject matter jurisdiction. (D.E. 24-2 at 6, 9). However, the Act does not alone confer federal question jurisdiction.

"[T]he Declaratory Judgment Act does not "extend" the "jurisdiction" of the federal courts." *Medtronic, Inc. v. Mirowski Family Ventures, LLC.,* 134 U.S. 843, 848 (2014) (citing *Skelly Oil Co., v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); See also *Regent Ins. Co. v. Strausser Enterprises, Inc.*, 902 F. Supp. 2d 628, 631 (E.D. Pa. 2012)("Section 2201 . . . does not create subject matter jurisdiction."); *Jersey Asparagus Farms, Inc. v. Rutgers Univ.*, 803 F.Supp.2d 295, 317 (D.N.J. 2011)("The Act itself does not provide an independent basis for jurisdiction . . ."); *Corzine v. Defense Base Closure & Realignment Commission*, 388 F. Supp. 2d 446, 449 (D.N.J. 2005)(same).

Consequently, the Plaintiff has failed to successfully confront their burden of demonstrating federal jurisdiction and provide a means by which this court can maintain subject matter jurisdiction either through diversity or federal question.

IV. **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' motions to dismiss for lack of subject matter jurisdiction be **GRANTED**. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L.Civ.R. 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/12/2015 3:06:17 PM